UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ARISTA, | No. 2:13-cv-2655 DAD P |
| Petitioner, | |
| v. | ORDER AND |
| MULE CREEK STATE PRISON, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

1

dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

Petitioner commenced this federal habeas action by filing a document styled "Petition for Review." According to that petition, in August 2009, petitioner filed a tort action in state court alleging negligence against Mule Creek State Prison and others for injuries he suffered while being transported.  In that case, the defendants filed a motion for summary judgment on the grounds that petitioner had failed to comply with the state's claims presentation requirement.  The Superior Court granted defendants' motion for summary judgment.  Petitioner unsuccessfully appealed that decision to the California Court of Appeal and California Supreme Court.  He now seeks federal review of his civil complaint.  (Pet. at 1-4 & Ex. A.)

## ANALYSIS

The court will recommend that instant petition be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief.  Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration.  Accordingly, petitioner is not entitled to habeas corpus relief, and this habeas action should be dismissed without prejudice to filing a civil rights action.[1]

## OTHER MATTERS

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage

---

[1] A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement.  See 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Petitioner is advised that, if he elects to file a civil rights action in this court, he will need to state a claim grounded in federal law.  A negligence claim is grounded in state law.  In addition, petitioner is forewarned that any constitutional claim brought under §1983 based upon events that allegedly occurred in 2008 would now appear to be barred by the applicable statute of limitations.

of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases. In light of the discussion above, the court does not find that the interests of justice would be served by the appointment of counsel.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's motion for appointment of counsel (Doc. No. 3) is denied; and

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus (Doc. No. 1) be dismissed without prejudice to filing a civil rights action; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 11, 2014

DAD:9
aris2655.156

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3